## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERIC WILLIAMS,
           Appellant,

    v.

DEPARTMENT OF THE NAVY,
           Agency.

DOCKET NUMBER
AT-4324-16-0662-B-1

DATE: May 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eric Williams, North Charleston, South Carolina, pro se.

Karissa Getz, Norfolk, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the remand initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the doctrine of res judicata to the appellant's claims arising under the Veterans Employment Opportunities Act of 1998 (VEOA) and to consider alleged disparate impact evidence as possible evidence of discriminatory intent, we AFFIRM the initial decision.

## BACKGROUND

In July 2015, the appellant, who is not currently a Federal employee, applied for a GS-9/11 Contract Specialist position in the agency's Defense Acquisition Workforce (DAW) advertised under job announcement number EA51102-12-1460254LZ1221318D. *Williams v. Department of the Navy*, MSPB Docket No. AT-4324-16-0662-B-1, Remand File (RF), Tab 12 at 4; *Williams v. Department of the Navy*, MSPB Docket No. AT-4324-16-0662-I-1, Initial Appeal File (IAF), Tab 7 at 69. The agency ranked candidates into categories of Qualified, Well Qualified, and Best Qualified, and referred the 11 candidates ranked Best Qualified to the selecting official. IAF, Tab 7 at 66-68, 73. The appellant was ranked Well Qualified, and so was not referred to the selecting official. RF, Tab 12 at 4-5. All of the referred candidates were veterans. IAF, Tab 7 at 67-68.

Around the same time that the agency issued the vacancy announcement listed above, it received authority from the Secretary of Defense to hire for DAW

Contract Specialist positions using an expedited hiring authority (EHA). *Id.* at 69-70, 78-79; *Williams v. Department of the Navy*, MSPB Docket No. DC-3330-16-0292-B-1 (0292-B-1 Appeal), Remand File (0292 RF), Tab 9, Hearing Compact Disc (HCD), Track 1 at 1:00 (testimony of the agency's hiring official). The agency decided not to select any of the Best Qualified candidates. IAF, Tab 7 at 66. Instead, it decided to use the EHA. HCD, Track 1 at 1:00 (testimony of the agency's hiring official). The agency began interviewing candidates for recruitment under the EHA in July 2015. *Id.* Between September 2015 and July 2016, the agency used the EHA to make Contract Specialist position job offers to 10 veterans, 2 of whom declined, and 17 nonveterans, 1 of whom declined. IAF, Tab 7 at 65.

In January 2016, the appellant filed a Board appeal challenging the nonselection and use of the EHA program under the VEOA. *Williams v. Department of the Navy*, MSPB Docket No. DC-3330-16-0292-I-1 (0292-I-1 Appeal), Initial Appeal File (0292 IAF), Tab 1 at 1-3. Following a remand, an administrative judge issued a remand initial decision, finding on the merits that the appellant did not prove that the agency denied him the right to compete for the position or violated his veterans' preference rights when it appointed nonpreference eligibles to the Contract Specialist position under the EHA program. 0292-B-1 Appeal, Remand Initial Decision at 6-19 (Dec, 21, 2016). The appellant filed a petition for review, and the Board affirmed the remand initial decision. 0292-B-1 Appeal, Final Order, ¶¶ 1, 12, 14-17 (Aug. 25, 2022). The appellant sought review in the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), which affirmed the Board's decision. *Williams v. Department of the Navy*, No. 2023-1010, 2023 WL 3373578 (Fed. Cir. May 11, 2023).

In July 2016, the appellant filed the instant appeal, in which he repeated his claims from the prior VEOA Appeal and argued that the agency discriminated against him based on his military service when it did not select him for the GS-9/11 Contract Specialist position. IAF, Tab 1 at 1-5. The administrative

judge dismissed the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision at 1, 3. The appellant filed a petition for review. *Williams v. Department of the Navy*, MSPB Docket No. AT-4324-16-0662-I-1, Petition for Review (PFR) File, Tab 1. The Board granted the petition for review, found that the appellant established jurisdiction over his USERRA appeal, vacated the initial decision, and remanded the appeal for a determination on the merits. PFR File, Tab 5, Remand Order.

After holding a hearing, the administrative judge issued a remand initial decision in which she denied corrective action. RF, Tab 24, Remand Initial Decision (RID) at 2, 6. She found that the appellant did not prove that his placement on the Well Qualified (as opposed to Best Qualified) list or the agency decision to hire using an EHA was motivated by his prior military service. RID at 5-6. She found that the appellant's remaining arguments were outside the Board's USERRA jurisdiction and adjudicated in his prior VEOA appeal of the nonselection. RID at 3-6 & n.1.

The appellant has filed a petition for review. *Williams v. Department of the Navy*, MSPB Docket No. AT-4324-16-0662-B-1, Remand Petition for Review (RPFR) File, Tab 1. He reiterates that he should have been ranked as "Best Qualified" and that the agency's nonselection of veterans for the position was the result of intentional discrimination and had a disparate impact on veterans. RPFR File, Tab 1 at 4-7; RF, Tab 21. He argues for the first time that the agency preselected candidates for the position instead of using its EHA. RPFR File, Tab 1 at 7. The agency has filed a response to which the appellant has replied. RPFR File, Tabs 3-4.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>We modify the initial decision to apply the doctrine of res judicata to the appellant's VEOA claims.</u>

The administrative judge found that the Board previously decided several of the appellant's arguments in a VEOA appeal concerning his nonselection for the same position at issue here. RID at 3 n.1. As a result, she did not consider the appellant's allegations that the agency should have rated him among the Best Qualified due to his service-connected disability; denied him a right to compete by failing to make a selection from the certificate for announcement number EA51102-12-1460254LZ1221318D, which consisted entirely of veterans; failed to use pass-over procedures to hire a nonveteran over him; and failed to follow necessary procedures to use the EHA program. RID at 3 n.1, 4. In making this decision, the administrative judge did not expressly apply any particular legal doctrine. However, she most likely intended to rely on the doctrine of adjudicatory efficiency, under which an administrative judge may dismiss an appeal that raises claims raised in an earlier appeal after the initial decision in the earlier appeal has been issued, but before the full Board has acted on the appellant's petition for review. *Zgonc v. Department of Defense*, 103 M.S.P.R. 666, ¶ 6 (2006), *aff'd per curiam*, 230 F. App'x 967 (Fed. Cir. 2007).

We agree with the administrative judge's decision not to consider these claims on the merits. However, we modify the initial decision to find that the appellant's VEOA claims should now be dismissed based on the doctrine of res judicata. Under that doctrine, a valid final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Zgonc*, 103 M.S.P.R. 666, ¶ 8. The doctrine precludes the parties from relitigating issues that were, or could have been, raised in the prior action and it applies when (1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits;

and (3) the same cause of action and the same parties or their privies were involved in both cases.

After the remand initial decision was issued in the instant appeal, the Board denied the appellant's petition for review of the remand initial decision in the 0292 Appeal, and the Federal Circuit affirmed the Board's decision. *Williams*, 2023 WL 3373578; 0292-B-1 Appeal, Final Order, ¶ 1. The remand initial decision in the 0292 Appeal, which denied corrective action on the same VEOA claims the appellant sought to raise here, is now final. 0292-B-1 Appeal, Remand Initial Decision at 12-14, 19; *see* 5 C.F.R. § 1201.113(b) (providing that an initial decision becomes final when the Board issues its last decision denying a petition for review). The prior appeal involved the same parties and the Board had jurisdiction over the claims. 0292-I-1 Appeal, Remand Order, ¶¶ 9-15 (Aug. 12, 2016). So, the requirements of res judicata are met. Accordingly, we decline to grant review based on the appellant's claims that the agency should have rated him among the Best Qualified due to his service-connected disability, denied him a right to compete by failing to make a selection from the certificate consisting of veterans, failed to use pass-over procedures in hiring a nonveteran over him, had no legitimate reason to cancel the "veteran only" certificate of eligibles, and failed to follow EHA procedures. RPFR File, Tab 1 at 4-5, 12-16. Instead, we dismiss these claims.

<u>The administrative judge correctly found that the appellant did not establish that his uniformed service was a motivating or substantial factor in his nonselection.</u>

The administrative judge found that the appellant's remaining claims did not evidence that his military service was a motivating factor in the nonselection. RID at 5-6. The appellant appeared to argue below and on review that the agency's decision to cancel the certificate of eligibles and use the EHA discriminated against veterans or had a disparate impact on veterans. RF, Tab 22 at 4, 6; RPFR File, Tab 1 at 5. The administrative judge found that a disparate impact claim is not cognizable under USERRA, but even considering it as

circumstantial evidence of intentional discrimination, the appellant did not establish motivating factor, because the agency used the EHA process to fill the vacancies with both veteran and nonveteran applicants. RID at 5-6.

In a USERRA discrimination claim, an appellant "bear[s] the initial burden" of proving that his "military service was a 'substantial or motivating factor'" in the agency's action. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001) (citation omitted). Military service is a substantial or motivating factor in an employment decision "if the employer 'relied on, took into account, considered, or conditioned its decision' on the employee's military-related absence or obligation." *See Erickson v. U.S. Postal Service*, 571 F.3d 1364, 1368 (Fed. Cir. 2009) (citation omitted). The appellant may rely on "direct or circumstantial evidence." *Sheehan*, 240 F.3d at 1014 (citations omitted). Circumstantial evidence may include "proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses." *Id.* "In determining whether the employee has proven that his protected status was part of the agency's motivation for its conduct, all record evidence may be considered, including the agency's explanation for the actions taken." *Id.*

The first factor is "proximity in time between the employee's military activity and the adverse employment action." *Sheehan*, 240 F.3d at 1014. As the administrative judge noted, the record reflects neither that the appellant's uniform service was recent nor even when it occurred. RID at 2. The appellant has not clarified on review when he last performed military service. We therefore agree with the administrative judge that the first factor does not support the inference of discriminatory motivation in violation of USERRA. *See, e.g., Jones v. Department of Health and Human Services*, 718 F. App'x 958, 961 (Fed. Cir.

2017) (finding 47 years too remote to raise an inference of discriminatory motive).[2]

The second factor looks at "inconsistencies between the proffered reason and other actions of the employer." *Sheehan*, 240 F.3d at 1014. Here, the administrative judge determined the agency decided not to select any candidate from the referred candidates and instead filled the vacancies using the EHA program. RID at 3; IAF, Tab 7 at 66. The Board previously found that the use of the EHA did not violate VEOA because appointments could be made under the EHA program without regard to veterans' preference. 0292-B-1 Appeal, Final Order, ¶¶ 13, 16-17 (citing 5 U.S.C. § 3304(a)(3) (permitting agencies to appoint without regard to veterans' preference requirements when the Office of Personnel Management has determined there is a "severe shortage" of candidates" . . . or . . . a critical hiring need"); 10 U.S.C. § 1705(f) (permitting the Secretary of Defense to hire under 5 U.S.C. § 3304 based on "a shortage of candidates or . . . a critical hiring need")). This finding is not the same as finding the agency's justification was valid in the USERRA context. So, we consider the agency's brief explanation in the context of the *Sheehan* factors.

The administrative judge credited the selecting official in finding that the agency made several selections using the EHA process. RID at 3; RF, Tab 12 at 13. The agency did not call any witnesses to testify at the hearing in the instant appeal. RF, Tab 20 at 2. Although the agency presented witnesses at the hearing in the appellant's VEOA Appeal, a different administrative judge heard that testimony. Assessment of the probative value of hearsay evidence necessarily depends on the circumstances of each case. *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981). The following factors affect the weight to be accorded to hearsay evidence: (1) the availability of persons with firsthand knowledge to testify at the hearing; (2) whether the statements of the out-of-court

---

[2] The Board can rely on unpublished Federal Circuit decisions that it finds persuasive, as we do here. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

declarants were signed or in affidavit form, and whether anyone witnessed the signing; (3) the agency's explanation for failing to obtain signed or sworn statements; (4) whether declarants were disinterested witnesses to the events, and whether the statements were routinely made; (5) consistency of declarants' accounts with other information in the case, internal consistency, and their consistency with each other; (6) whether corroboration for statements can otherwise be found in the agency record; (7) the absence of contradictory evidence; (8) credibility of declarant when she made the statement attributed to her. *Id.* at 87.

Although the administrative judge here did not specifically identify the record evidence in addressing the agency's use of its EHA, it is nonetheless evident that she relied on an affidavit submitted by the hiring official. RID at 3; IAF, Tab 7 at 66. Further, although the administrative judge did not identify the *Borninkhof* factors in assessing the weight to be accorded this declaration, she clearly considered them. For example, although the hiring official did not testify at the hearing in the instant appeal, the administrative judge found her declaration consistent with, supported by, and uncontradicted by the record. RID at 5; IAF, Tab 7 at 65, 76-83. The hiring official's declaration, which is sworn under penalty of perjury, is also consistent with her testimony during the hearing in the 0292 Appeal. 0292 RF, Tab 9, HCD, Track 1 at 00:55-1:29 (testimony of the hiring official).

The appellant challenges the hiring official's credibility by arguing that her declaration falsely stated the agency decided to use the EHA on October 6, 2015, when agency evidence showed they used EHA beginning in June 2015. RPFR File, Tab 1 at 7; RF, Tab 22 at 11-12; IAF, Tab 7 at 65-66. He reargues that this amounts to "direct evidence of intentional discriminatory motive." RPFR File, Tab 1 at 13; RF, Tab 22 at 11-12. Contrary to the appellant's assertion on review, the hiring official did not state that in October 2015 the agency decided to use the EHA to appoint to the position. Instead, she declared

that the agency decided in October 2015 not to select any of candidates referred under job announcement number EA51102-12-1460254LZ1221318D to fill the specific vacancy announcement at issue. IAF, Tab 7 at 66. During her testimony on the 0292 Appeal, she explained that the agency did not interview or hire anyone from the referral list because it recognized the names from prior certificates, and had either interviewed the candidates in connection with those certificates or determined they were not qualified for the position. 0292 RF, Tab 9, HCD, Track 1 at 00:59, 01:22 (testimony of the hiring official).

The undisputed evidence shows that the agency authorized use of the EHA process in March 2015. IAF, Tab 7 at 76-83. The record further shows that the agency began interviews using the EHA process to fill Contract Specialist positions in July 2015. *Id.* at 65. Although the agency has not identified which vacancy announcement each EHA selectee filled, these facts do not contradict the hiring official's statement. *Id.* at 65-66. Moreover, between September 2015 and July 2016, the agency offered 10 veterans Contract Specialist positions with the intention of appointing them under the EHA. *Id.*; 0292 RF, Tab 9, HCD, Track 1 at 01:01, 01:26 (testimony of the hiring official). We conclude that the administrative judge gave the hiring official's statement appropriate weight. We discern no basis to disturb the administrative judge's determination that the agency offered consistent explanations for the appellant's nonselection. RID at 5.

The appellant also argued below, and reasserts on review, that the agency's decision to cancel the certificate of eligibles and use the EHA had a disparate impact on veterans. RF, Tab 22 at 4, 6; RPFR File, Tab 1 at 5. The Board has held that USERRA does not provide for a claim under a disparate impact theory because intent is a required element of proof to establish discrimination under USERRA. *Harellson v. U.S. Postal Service*, 115 M.S.P.R. 378, ¶¶ 12-19 (2011). But a known disparate impact of an agency policy or practice may be some evidence of discriminatory intent. *Id.*, ¶ 21. Along these lines, the appellant observes that the hiring certifications for job announcement number EA51102-12-

1460254LZ1221318D included only veterans, but the agency ultimately hired both veterans and nonveterans. RPFR File, Tab 1 at 5-8; *e.g.*, IAF, Tab 7 at 67-68.

Had the agency used the original certificate of Best Qualified candidates, any selectee from that certificate would have been a veteran. IAF, Tab 7 at 67-68. However, the appellant has not alleged, nor provided any evidence showing, that the agency knew that its use of the EHA would result in the hiring of nonveterans. The appellant tries to address this issue by suggesting that, at the time the agency decided to use the EHA, it knew that all the candidates on the first certificate were veterans. PFR File, Tab 1 at 10-11, 14. But that is not the same as proceeding forward with the EHA process despite knowing that it would exclude veterans. *See Harellson*, 115 M.S.P.R. 378, ¶ 20 n.5 (explaining that the agency must know of the disparate impact of the policy and choose to go forward with it anyway, thus providing evidence of intent and not merely a disparity in effect). Accordingly, we decline to read any discriminatory intent into the agency's decision. Because the administrative judge's analysis did not consider the evidence of disparate impact as possible evidence of discriminatory intent, we modify the initial decision to do so on review. Nonetheless, we agree with her conclusion that the second *Sheehan* factor does not support the appellant's claims. RID at 5.

The third *Sheehan* factor is the "expressed hostility towards members protected by the statute together with knowledge of the employee's military activity." 240 F.3d at 1014. The administrative judge found that the agency expressed no hostility toward those having performed military service. RID at 5. The appellant has not disputed this finding. The third factor thus does not support the appellant's claims.

The fourth factor indicating discriminatory motivation is the "disparate treatment" of similarly situated applicants. *See Sheehan*, 240 F.3d at 1014. The administrative judge found no evidence that the qualifications of veterans and

non-veterans were assessed differently. RID at 5-6; RF, Tab 7 at 65-66. The appellant does not challenge this conclusion, but instead argues that those who applied under job announcement number EA51102-12-1460254LZ1221318D were not interviewed. RPFR File, Tab 1 at 8, 16. As noted above, the agency selected both veterans and nonveterans for Contract Specialist positions. IAF, Tab 7 at 65. It also interviewed both veterans and nonveterans candidates when hiring using its EHA authority. *Id.* The appellant's arguments on review do not suggest any discriminatory animus. Accordingly, we agree with the administrative judge that the appellant did not prove that his nonselection was motivated by his military service. RID at 5-6.

We decline to consider the appellant's new argument.

The appellant argues for the first time on review that the agency preselected candidates for the position instead of using its EHA. RPFR File, Tab 1 at 7. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d). Here, the appellant has not explained why this argument could not have been raised before the administrative judge, and we need not consider it. In any event, the appellant provides no explanation for how the alleged preselection related to his military service. Preselection can give rise to a USERRA claim when coupled to unlawful discrimination based on an individual's current or past military service. *Beck v. Department of Navy*, 997 F.3d 1171, 1187-88 (Fed. Cir. 2021). Preselection alone, however, does not violate USERRA. *Id.* at 1188. As discussed above, we agree with the administrative judge that the appellant did not prove that his nonselection or the agency's use of the EHA program was motivated by antimilitary animus. Thus, the argument provides no basis to grant the appellant's petition for review.

Accordingly, we affirm the initial decision as modified above.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.